UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILLIENE D. HUGHES DAVIS,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>FEDEX GROUND PACKAGE SYSTEM, INC., *et al.*,<br>　　　　　　　　　　Defendants. | Case No. 3:22-cv-00518-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

This removed action involves an employment dispute between *pro se* Plaintiff Williene D. Hughes Davis and Defendant Fedex Ground Package System, Inc.[1] (ECF No. 1-2 ("Complaint").) Since removal, the procedural history is rather unusual in terms of the four motions filed. First is Plaintiff's motion to remand because her sole federal-law claim in the Complaint is not "dispositive" of the suit. (ECF No. 5.) Second is Defendant's motion to dismiss the Complaint for failure to state a claim for relief. (ECF No. 2.) Third is Defendant's motion to dismiss Plaintiff's "Verified Amended Complaint" ("Amended Complaint") for failure to state a claim. (ECF No. 10.) Fourth is Plaintiff's second motion to remand—basing this motion on her Amended Complaint—because Plaintiff does not assert any federal-law claim in the Amended Complaint. (ECF No. 12.)  For the reasons

---

[1] In the Complaint, Plaintiff initially lists two defendants: "Fedex Ground Package System, Inc., the Employer" and "Fedex Ground Package System, Inc., the Insurer." (ECF No. 1-2 at 4.) In its pre-answer motion to dismiss the Complaint, Defendant notes that Plaintiff "erroneously identified" Defendant as two separate entities—"as Employer and Insurer." (ECF No. 2 at 1.) Because proof of service names Defendant as a single entity, and Plaintiff identifies Defendant as a single "employer" entity in the Complaint and Amended Complaint, the Court will also refer to Defendant as such. (ECF Nos. 1-2 at 2-3, 6 at 1.) It appears that the insurer that co-administered Plaintiff's workers' compensation benefits is an unidentified private insurer.

discussed below, the Court dismisses the claim that gives rise to federal-question jurisdiction, declines to exercise supplemental jurisdiction over the state-law claims, and remand the action.

## II.   BACKGROUND

This dispute arose from Plaintiff's alleged wrongful termination. Plaintiff worked as a package handler, formerly employed with Defendant. Plaintiff sustained a serious shoulder injury on the job in March 2019, which Plaintiff's doctor confirmed as a "permanent disability." In March 2020, Plaintiff learned that Defendant had formally terminated her employment after nearly a year of medical treatment, workers' compensation proceedings, relocation from Nevada to Oregon, and failed re-employment negotiations between the parties. Between March 2019 and February 2020, Defendant allegedly administered Plaintiff's workers' compensation proceedings in bad faith. Plaintiff alleges that, by (1) initially rejecting Plaintiff's workers' compensation benefits, (2) granting benefits after Plaintiff had successfully appealed the rejection, and then (3) terminating Plaintiff's benefits altogether, Defendant "conspired" with the insurer and the State of Nevada to deprive Plaintiff of her employment and benefits. (ECF No. 1-2 at 5-12.)

Plaintiff filed her Complaint in the Second Judicial District Court in and for the County of Washoe. (ECF No. 1-2 at 4-14.) Plaintiff asserts the following claims in her Complaint: (1) tortious discharge; (2) negligence; and (3) "conspiracy" under 42 U.S.C. § 1983. (*Id.* at 9-12.) Defendant timely removed based on federal-question jurisdiction, and also moved to dismiss the Complaint with prejudice.[2] (ECF Nos. 1 at 2, 2 at 1.)

Plaintiff later moved to remand. (ECF No. 5.) Thereafter, Plaintiff filed the Amended Complaint, which asserted just one state-law claim—tortious discharge—and removed

---

[2]Although Defendant expressly cites Fed. R. Civ. P. 12(b)(5)—*i.e.*, motion to dismiss on grounds of insufficient service of process—Defendant appears to base its motion to dismiss on Rule 12(b)(6), arguing (1) that Plaintiff fails to state a claim for relief under 42 U.S.C. § 1983, and (2) that Plaintiff's remaining two state-law claims are time-barred under Nevada's statute of limitations. (ECF No. 2 at 1, 3-7.)

the Section 1983 claim and negligence claim previously asserted in the Complaint. (ECF No. 6.)

Defendant moved to dismiss the Amended Complaint, arguing that Plaintiff fails to state a tortious discharge claim because such a claim is time-barred under Nevada law. (ECF No. 10.) Plaintiff then filed a second motion to remand based on the Amended Complaint. (ECF No. 12.)[3]

## III. DISCUSSION

To resolve Plaintiff's motion to remand (ECF No. 5), the Court addresses three questions. First, the Court determines whether it has subject-matter jurisdiction over this case and thus whether removal was proper. Second, the Court considers whether dismissal of Plaintiff's Section 1983 claim is warranted. Third, the Court evaluates whether it should retain its supplemental jurisdiction over Plaintiff's state-law claims or relinquish its jurisdiction and remand to state court. The Court addresses these issues in turn.

### A. The Court's Removal Jurisdiction

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court. 28 U.S.C. § 1441(a). If removal was improper and the federal court lacks jurisdiction, the federal court must remand the case to state court. 28 U.S.C. § 1447(c).

The Court evaluates a case's removability "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (*abrogated on other grounds*, *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374 (2016)); *see also Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that the lower courts should have determined removal jurisdiction "according to the plaintiffs' pleading at the time of the petition for removal" instead of the second amended complaint) (internal

---

[3]Defendant responded to Plaintiff's second motion to remand, incorporating by reference its response to Plaintiff's first motion to remand. (ECF Nos. 8, 13.)

citations omitted). Accordingly, the Court assesses removal jurisdiction by evaluating Plaintiff's claims in the Complaint (ECF No. 1-2 at 4-14)—filed in state court at the time of removal—not the Amended Complaint (ECF No. 6). *See also Sparta Surgical Corp.*, 159 F.3d at 1213 ("[A] plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based.").

Looking at the face of the Complaint, the Court finds it has subject-matter jurisdiction over this suit because, at the time of removal, Plaintiff had asserted one federal question: a procedural due process claim under 42 U.S.C. § 1983. (ECF No. 1-2 at 11-12.) *See also* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.") (internal citation omitted).

Moreover, the Court has supplemental jurisdiction over Plaintiff's two state-law claims because all of Plaintiff's claims derive from a common nucleus of operative fact: the events leading up to Plaintiff's termination of employment and benefits and the termination itself. In fact, Plaintiff relies on the same factual allegations for her state-law claims to support her federal claim under 42 U.S.C. § 1983. (*Id.* at 11.) *See also* 28 U.S.C. § 1367(a).

Because the Court has subject-matter jurisdiction over all of Plaintiff's claims, Defendant properly removed this case. For this reason, Plaintiff's initial motion to remand (ECF No. 5) is denied.

**B.     Defendant's Motion to Dismiss (ECF No. 2)**

Because Defendant properly removed this case, the Court now addresses Defendant's motion to dismiss the Complaint.

Defendant first argues that dismissal of Plaintiff's Section 1983 claim is warranted because Defendant, a private employer, was not acting under color of state law during Plaintiff's workers' compensation proceedings. (ECF No. 2 at 4.) The Court agrees.

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotations and citation omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

Plaintiff fails to state a claim under 42 U.S.C. § 1983 because she has not alleged—nor can she show—that Defendant, a private employer, committed acts under color of state law. In the Complaint, Plaintiff alleges that Defendant "conspire[d]" with an insurer "to deprive Plaintiff of her employment under color of law," and that Defendant "use[d] the Administrative Hearing and Appeals process of the State of Nevada to cover-up the termination and non-payment of wages." (ECF No. 1-2 at 12.) Plaintiff also alleges that Defendant violated Plaintiff's "property right to the income derived from employment" without procedural due process when it terminated Plaintiff's disability benefits "without replacing[ ] it." (*Id.*) But Plaintiff does not allege specific facts that would allow the Court to reasonably infer that: (1) Defendant performed a public function; (2) Defendant engaged in joint activity with the state of Nevada; (3) Defendant's actions were compelled or coerced by the state; or (4) there is a governmental nexus with Defendant. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-95 (9th Cir. 2003) (applying all four tests to determine whether a private guardian acted under color of state law); *see also, e.g., Morrow v. Target Dep't Stores*, Case No. 2:11-cv-785-JCM-CWH, 2014 WL 551258, at *4 (D. Nev. Feb. 10, 2014) (applying same tests to determine whether the defendant, a private employer, was a state actor when it allowed its employees to falsely accuse the plaintiff of crimes, and concluding that the defendant did not act under the color of state law). Instead, Plaintiff supports her claim with conclusory statements that Defendant

"conspire[d]" with the state to manipulate Plaintiff's administrative proceedings and terminate her employment.[4]

Because mere conclusory statements and recitals of the elements of a cause of action do not survive a motion to dismiss, the Court finds that Plaintiff fails to state a Section 1983 claim against Defendant.[5] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The Court therefore grants Defendant's motion to dismiss (ECF No. 10) as it relates to Plaintiff's Section 1983 claim.

### C. The Court's Supplemental Jurisdiction over the State-Law Claims

Because Plaintiff's sole federal-law claim is now dismissed, the Court next considers whether to retain its supplemental jurisdiction over the state-law claims or relinquish its jurisdiction and remand the case to state court.

The Court's exercise of supplemental jurisdiction over Plaintiff's two state-law claims—tortious discharge and negligence—is discretionary. *See Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (recognizing that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"). Defendant urges the Court to exercise its supplemental jurisdiction and dismiss Plaintiff's state-law claims. However, the Court finds good reason to relinquish its supplemental jurisdiction over these claims and remand this case to the Second Judicial District Court. Remanding is not only judicially efficient, but also fair to both Plaintiff and the state courts. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (advising courts to weigh "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that

---

[4]To the extent Plaintiff's Section 1983 suggests state action between the private insurer and the state of Nevada, the Supreme Court concluded in a similar context that "an insurer's decision to withhold payment and seek [ ] review of the reasonableness and necessity of particular medical treatment is not fairly attributable to the State." *Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 58 (1999).

[5]Because Plaintiff fails to sufficiently plead the state-action requirement of a Section 1983 claim, *Atkins*, 487 U.S. at 49, the Court need not consider whether Defendant violated one of Plaintiff's constitutionally guaranteed rights. (ECF No. 2 at 6-7.)

court involving pendent state-law claims"). Because the statute of limitations on Plaintiff's state-law claims may have run—as Defendant argues in its motion to dismiss—dismissing this case could foreclose Plaintiff from litigating her claims in any court.[6] *See id.* at 351-52. If the Court dismisses the Complaint in its entirety, then Plaintiff, a *pro se* litigant, would have to refile her papers in state court, which costs time and money. *See id.* at 353. The state court would also have to incur additional costs by having to reprocess the case. *See id.* In other words, "[d]ismissal of the claim therefore will increase both the expense and the time involved in enforcing state law." *Id.*

In the interests of judicial economy, fairness, and comity, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims and remands this case to the Second Judicial District Court. In other words, the Court does not address Defendant's motion to dismiss as it relates to the two state-law claims.[7]

### IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's motion to remand (ECF No. 5) is denied on the grounds raised in the motion, but the Court *sua sponte* remands as discussed herein.

It is further ordered that Defendant's motion to dismiss (ECF No. 2) is granted but only as to Plaintiff's Section 1983 claim. The Court declines to adjudicate the motion to dismiss as it relates to the two state-law claims because the Court declines to exercise supplemental jurisdiction over these claims.

---

[6] Defendant argues that Plaintiff's tortious discharge and negligence claims are time-barred under Nevada's two-year statute of limitations for tort claims. (ECF No. 2 at 3-4.) *See also* NRS § 11.190(4)(e).

[7] Because the Court has evaluated its removal jurisdiction based on Plaintiff's Complaint (ECF No. 1-2) and need not consider Plaintiff's Amended Complaint (ECF No. 6), the Court denies as moot Plaintiff's second motion to remand (ECF No. 12) and Defendant's second motion to dismiss (ECF No. 10).

It is further ordered that all other pending motions (ECF Nos. 10, 12) are denied as moot.

It is further ordered that this action is remanded to the Second Judicial District Court in and for the County of Washoe to adjudicate Plaintiff's state-law claims because the Court declines to exercise supplemental jurisdiction over these claims.

The Clerk of Court is directed to close this case.

DATED THIS 12th Day of January 2023.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE